UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 00-4270

JEFFREY D. CRITTENDON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-99-51)

Submitted: September 29, 2000

Decided: October 12, 2000

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen A. Hudgins, Newport News, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Damon A. King, Special Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Jeffrey Crittendon of one count each of assaulting his daughter with a knife and sexually assaulting her. On appeal, he alleges that the evidence was insufficient to support the findings of guilt and that the district court erred by allowing the Government to present evidence of prior bad acts pursuant to Fed. R. Crim. P. 404(b). Finding no reversible error, we affirm.

Crittendon's daughter, who was thirteen at the time of the assault, testified that he held a knife to her throat and threatened to harm her because she was making trouble for him with her mother. She was able to push him off her and hide in a bathroom. When she finally emerged, Crittendon again grabbed her, threw her down on a bed, and tried to insert his finger into her vagina. The girl was again able to escape and ran to a neighbor's house.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, the victim testified concerning the assaults. Several other witnesses gave corroborating testimony. Crittendon did not offer any testimony or evidence to refute the victim's version of the events. Although Crittendon claims that there were inconsistencies in the testimony, counsel explored these during cross-examination, and the jury resolved the credibility issue in the Government's favor. See United States v. Singh, 54 F.3d 1182, 1186 (4th Cir. 1995) (holding that appellate courts do not weigh witnesses' credibility on appeal). We therefore find that there was sufficient evidence to support the jury's verdict.

We review the district court's decision to admit Rule 404(b) evidence for abuse of discretion and find none. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). The court properly applied the test set forth in Queen and found that the evidence was relevant to an issue other than character, necessary, reliable, and that the prejudicial effect was outweighed by its probative value. See id. at 997. Specifically, there was testimony that Crittendon told his daughter

that he was "just joking" after he assaulted her with the knife. The challenged evidence was offered to refute any such claim and to establish intent and lack of mistake.

Accordingly, we affirm Crittendon's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3